11-2630-cv
Sanders v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of December, two thousand twelve.

PRESENT: DENNY CHIN,
    CHRISTOPHER F. DRONEY,
        Circuit Judges,
    JOHN GLEESON,
        District Judge.*

- - - - - - - - - - - - - - - - - - - - - -x

LENORRIS SANDERS,

    Plaintiff-Appellant,

    -v.-                              11-2630-cv

COMMISSIONER OF SOCIAL SECURITY,

    Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     HOWARD D. OLINSKY (Jaya A. Shurtliff, on the brief), Olinsky Law Group, Syracuse, New York.

---

* The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

FOR DEFENDANT-APPELLEE:          KATRINA LEDERER, Special Assistant
                                 United States Attorney (Mary Ann
                                 Sloan, Acting Regional Chief
                                 Counsel, Region II, and Tracy
                                 Udell, Special Assistant United
                                 States Attorney on the brief), for
                                 Kathleen M. Mehltretter, United
                                 States Attorney for the Western
                                 District of New York, Syracuse, New
                                 York.

Appeal from the United States District Court for the Western District of New York (Telesca, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **VACATED** and the case is **REMANDED** to the district court with instructions to remand the case to the Commissioner of Social Security for further proceedings.

Plaintiff-appellant Lenorris Sanders appeals from the district court's judgment entered May 6, 2011, dismissing his complaint. The judgment was based on the district court's May 3, 2011 order granting judgment on the pleadings in favor of defendant-appellee Commissioner of Social Security (the "Commissioner"). Sanders v. Astrue, No. 10-CV-6317T, 2011 WL 1672534, at *12 (W.D.N.Y. May 3, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case, as well as the issues presented for review.

On October 30, 2007, Sanders applied for disability benefits under Title XVI of the Social Security Act (the "Act"), claiming impairment in his spine, lower back, and left leg. The

-2-

application was denied initially and, following a <u>de novo</u> hearing before Administrative Law Judge ("ALJ") John P. Costello, denied again on November 3, 2009. The ALJ held that Sanders was not disabled within the meaning of the Act. On April 16, 2010, the Social Security Administration Office of Disability Adjudication and Review denied review of the ALJ's decision. The district court ruled in favor of the Commissioner below, and this appeal followed.

On appeal, Sanders argues (1) the ALJ erroneously held that he failed to meet Listing 1.04; (2) the ALJ's determination of his residual functional capacity ("RFC") was not supported by substantial evidence; (3) the ALJ erred by accepting the vocational expert's testimony as substantial evidence; and (4) the ALJ erred by failing to apply the proper legal standards in assessing his credibility.

We "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." <u>Burgess v. Astrue</u>, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks omitted). "[I]t is not our function to determine <u>de novo</u> whether [a plaintiff] is disabled." <u>Brault v. Soc. Sec. Admin., Comm'r</u>, 683 F.3d 443, 447 (2d Cir. 2012) (quoting <u>Pratts v. Chater</u>, 94 F.3d 34, 37 (2d Cir. 1996)).

## 1.  Listing 1.04

Listing 1.04 sets parameters for impairments involving a disorder of the spine that results in the compromise of a nerve root or the spinal cord.  See 20 C.F.R. pt. 404, Subpt. P, App. 1, Section 1.04 (2006).  Under Listing 1.04(A), such a disorder can be demonstrated by evidence of nerve root compression accompanied by sensory or reflex loss.  Id.  As the district court found, the ALJ's determination that Sanders failed to meet Listing 1.04 was supported by substantial evidence in the record.

Sanders essentially concedes that no doctor diagnosed him with nerve root compression.  Nevertheless, he contends that the record contains evidence of nerve root compression.  Even assuming that is true, the evidence also contains substantial evidence supporting the conclusion that there was no nerve root compression.  For example, a January 8, 2008 orthopedic examination (with an x-ray of the spine) revealed "[n]o frank features of lower extremity radiculopathy."  Although a March 3, 2008 examination noted "radicular symptoms in the left leg," it also found:

> The patient has good range of motion of the lumbar spine.  Muscle strength is 5/5 in the bilateral upper and lower extremities.  There is no atrophy or abnormal movements.

We conclude there is substantial evidence in the record supporting the Commissioner's decision that Sanders did not suffer from a listed impairment.

## 2.  Residual Functional Capacity

Sanders argues that the ALJ's determination of his RFC was not supported by substantial evidence.  The ALJ found that Sanders:

> has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk . . . for a total of about 6 hours in an 8-hour workday; . . . and is precluded from overhead lifting.

Sanders claims that the ALJ failed to accord appropriate weight to the opinion of his treating physician, Dr. Bharat Gupta, who reported that Sanders could lift no more than 10 pounds and stand for no longer than 1 hour.  For the following reasons, we agree with Sanders.

First, the ALJ stated that the opinions of the treating source and examining sources, including that of the state agency examiner, "are generally consistent with each other."  This was wrong.[2]  Dr. Gupta, the treating source, opined in 2009 that Sanders could lift no more than 10 pounds.  The state agency examiner, L. Patelunas, was of the opinion that Sanders could lift 20 pounds.  These opinions are not consistent, <u>compare</u> 20 C.F.R. § 416.967(a) (defining sedentary work as lifting no more than 10 pounds at a time) <u>with</u> <u>id.</u> § 416.967(b) (defining light

---

[2]    The government concedes this point, acknowledging that Dr. Gupta gave a more "restrictive assessment" of Sanders's functional limits than the one ultimately adopted by the ALJ. App. Br. at 38.

work as lifting no more than 20 pounds at a time), and the inconsistency cannot be dismissed as trivial. Indeed, it struck right at the heart of the decision denying benefits: the ALJ's finding that Sanders could perform a range of light work requires a rejection of the treating physician's opinion in favor of the consultative examiner's opinion. The ALJ's statement that these contradictory opinions are "generally consistent" is sufficient by itself to remand for an explanation.

Second, the ALJ did not follow the treating physician rule in assessing Sanders's exertional capabilities. In arriving at an RFC determination, an ALJ must assess a claimant's exertional capabilities - which includes the ability to stand and carry - based on "all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3). Dr. Gupta was Sanders's treating physician. He treated Sanders for back and neck pain on at least thirteen different occasions over three years beginning in July 2006.[3] Based on this treatment, Dr. Gupta concluded in July 2009 that Sanders should engage in "no lifting more than 10 [pounds]" and "no prolonged standing for more than 1 [hour] at a time." Despite this opinion, the ALJ concluded that Sanders had the RFC to "lift 20 pounds occasionally and . . . stand . . . for a total of about 6 hours . . . ."

---

[3] Dr. Gupta treated Sanders in July and October 2006; in January, February, March, May, October and December 2008; and February, April, July, August and September 2009.

A treating physician's opinion must be given "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." Id. § 404.1527(c)(2). Where, as here, an ALJ gives a treating physician opinion something less than "controlling weight," he must provide good reasons for doing so. This Court has consistently held that the failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand. Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998); see also Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) (per curiam) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians [sic] opinion and we will continue remanding when we encounter opinions from ALJs that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion.").

Here, the ALJ failed to provide good reasons for failing to give controlling weight to Dr. Gupta's opinion. Moreover, from our plenary review of the record, it is not possible to glean any "good reason" for deviating from Dr. Gupta's opinion on Sanders's exertional limits.[4] Accordingly, we

---

[4] The record does not permit us to conclude that Dr. Gupta's opinion was "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The 1994 and 1999 reports relied on by the district court pre-date

-7-

hold that the Commissioner's determination that Sanders is capable of performing light work is not supported by substantial evidence.[5]

The judgment of the district court is **VACATED** and the case is **REMANDED** to the district court with instructions to remand the case to the Commissioner for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

Sanders's October 2006 car accident by twelve and seven years respectively. Given their age, these reports do not provide a "good reason" to deviate from the opinion of the current treating physician. Indeed, the district court's conclusion to the contrary appears to be based on a mistake, as it incorrectly identified the latter evaluation as taking place in November 2009 when, in fact, it took place ten years earlier. See Decision & Order at 21. Likewise, in the absence of a good reason otherwise, Dr. Lefebvre's March 1994 report - which indicates that Sanders is capable of doing "light to medium" work - cannot be relied upon to contradict an opinion of a treating physician that came fifteen years later. Id. Last, the contradictory RFC provided by the state agency disability examiner, L. Patelunas, is not a good reason to disregard Dr. Gupta's medical opinion. Where, as here, there are conflicting opinions between the treating and consulting sources, the "consulting physician's opinions or report should be given limited weight." Cruz v. Sullivan, 912 F.2d 8, 13 (2d Cir. 1990).

[5] The ALJ concluded that Sanders was not completely credible because his statements were inconsistent with his RFC. Since that RFC as found by the Commissioner is not supported by substantial evidence, the ALJ is directed to re-assess this credibility assessment on remand. Likewise, since the vocational expert's testimony relied on a RFC that is not supported by substantial evidence, on remand the Commissioner is directed to re-assess the weight it gave to the testimony of vocational expert Peter Mansey.

-8-