**13-295-cv**
**Darryl L. Rugless v. Commissioner of Social Security**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand thirteen.

PRESENT:

> Robert A. Katzmann,
> > *Chief Judge*,
> Ralph K. Winter,
> Guido Calabresi,
> > *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Darryl L. Rugless,

> *Plaintiff-Appellant*,

v.                                                                      No. 13-295-cv

Commissioner of Social Security,

> *Defendant-Appellee*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FOR APPELLANT:                     Karen S. Southwick, Esq., Olinsky Law Group, 300 South
                                                   State Street, Suite 420, Syracuse, NY.

FOR APPELLEE:                    Peter W. Jewett, Esq., Social Security Administration,
                                 26 Federal Plaza, Room 3904, New York, NY.

Appeal from a November 20, 2012 order in the United States District Court for the Western District affirming the Commissioner of Social Security's decision to decline to provide Supplemental Security Income Benefits.  (Michael A. Telesca, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **VACATED AND REMANDED** for further proceedings consistent with this order.

Darryl L. Rugless appeals the district court's order affirming the decision of the Commissioner of Social Security denying his application for Supplemental Security Income Benefits. Appellant argues that he is entitled to benefits based on chronic back pain stemming from an injury he sustained in 1997. Appellant's application for Supplementary Security Income Benefits stated that his disability started on December 31, 2008. A hearing was held before an Administrative Law Judge ("ALJ"), who denied his claim on June 6, 2011. Appellant requested review of the ALJ decision and on October 26, 2011 the Appeals Council denied his request for review. Appellant then filed the instant action. The district judge affirmed the Commissioner's decision. Appellant now appeals. We assume the parties' familiarity with the record.

We "may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008), quoting Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000). "When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009), quoting Kohler v. Astrue, 546 F.3d 260, 264-65 (2d Cir. 2008). In

2

reviewing the administrative record, we must determine "if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." Id. There must be "more than a mere scintilla" of evidence, and it must be enough that "a reasonable mind might accept [it] as adequate to support a conclusion." Burgess, 537 F.3d at 127 (internal quotations and citations omitted).

Appellant contends that the ALJ did not properly defer to Dr. Thomas Carroll, his last treating physician. Under the treating physician rule, deference is given to the opinions of the physician who has provided the primary treatment for the patient. Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003). "SSA regulations advise claimants that a treating source's opinion on the issues of the nature and severity of [their] impairments will be given 'controlling weight' if the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." Id. (internal quotations and alterations omitted), citing 20 C.F.R. § 404.1527(d)(2); Rosa v. Callahan, 168 F.3d 72, 78–79 (2d Cir. 1999) ("[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion."). While the ALJ deferred to part of Dr. Carroll's opinion, she discredited some of it. The ALJ decision states,

> [t]he undersigned assigns great weight to Dr. Carrol[l]'s opinion that the claimant needs provisions for alternating positions because it is consistent with the record. However, the undersigned assigns little weight to Dr. Carrol[l]'s conclusion that the claimant has trouble lifting any weight because it is inconsistent with the record and not supported by any facts or findings.

The ALJ gave only a conclusory explanation of why Dr. Carroll's opinion regarding appellant's ability to lift 10 lbs. is inconsistent with the record.

3

We have "consistently held that the failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand." Sanders v. Comm'r of Soc. Sec., 506 F. App'x 74, 77 (2d Cir. 2012); see also Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) (per curiam). We therefore remand for consideration of the following issues. We need a more elaborate explanation of the reasons why the ALJ gave little weight to Dr. Carroll's opinion. To the extent that the rejection of that opinion was based on the views of other treating physicians -- appellant does not appear to have a single long-term primary physician -- the ALJ must describe how those views differed from Dr. Carroll's -- the differences, if any, are not obvious -- and why those differing views are of greater weight than Dr. Carroll's.

In addition, we need some explanation of why there was no discussion in the ALJ's decision of Dr. Carroll's opinion that appellant would have to miss more than four days per month, would require unscheduled ten to fifteen minute breaks on a daily basis, and would be off-task more than twenty percent of the workday because of his limitations. The ALJ asked the testifying vocational expert ("VE") if any jobs would be available to appellant if "[c]laimant [was] expected to be off-task more than 20 percent of the day, or would require unscheduled breaks or would be absent more than three times a month." The VE replied that "such a person would have . . . difficulty maintaining competitive work standards." Thus, the additional limitations of being off-task, needing unscheduled breaks, and missing unscheduled work days might be an important factor in determining whether appellant could hold a job such as a cashier or a parking lot attendant. Some clarification is, therefore, necessary.

4

For the foregoing reasons, the district court's affirmance of the denial of appellant's application is hereby **VACATED**, and the matter is **REMANDED** to the Commissioner for proceedings consistent with this order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court